# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUISE ALFANO and SANDRA PRZYBYLSKI,<br>**Plaintiffs**<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM INSURANCE COMPANIES,<br>**Defendants** | No. 3:09cv77<br><br>(Judge Munley) |

## MEMORANDUM

Before the court for disposition is the defendants' motion to dismiss the plaintiffs' complaint. The matter has been fully briefed and argument has been heard. The matter is thus ripe for disposition.

**Background**

The factual background of this case is not in dispute. Plaintiffs Louise Alfano and Sandra Przybylski had a homeowner's insurance policy through Defendant State Farm Fire and Casualty Company ("State Farm" or "defendant") for their home in Exeter, Pennsylvania. (Doc. 4-2, Complaint ¶ 4). On December 17, 2000, while the plaintiffs were not at home, an explosion occurred at the house that incinerated and destroyed the entire residence and personal property of the plaintiffs. (Id. ¶ 5). They made a claim for benefits to State Farm and received their policy limits of $456,281.90. (Id. ¶ 6). They assert that this amount was insufficient to cover their entire loss, thus they filed a lawsuit against PP&L in Luzerne County, Pennsylvania asserting that PP&L was liable for the destruction of their home. (Id. at ¶ ¶ 7-8). In the state court action, plaintiffs seek $357,835.96 for the destruction of the home; $38,000 for destruction to the exterior of the property and $294,247.16 for destruction of their personal

property, in addition to compensatory damages and punitive damages. (Id. at ¶ 9-10).

Defendant State Farm had a subrogation claim for $456,281.90 in the Luzerne County action for the benefits it had paid to the plaintiffs. (Id. at ¶ 11). State Farm settled the subrogation claim with PP&L for $250,000.00, or approximately 50% of what it was worth, without the knowledge or consent of the plaintiffs. (Id. at ¶¶ 11-12). State Farm thus assigned the $456,281.90 subrogation claim to PP&L. Plaintiffs assert that the assignment of the subrogation claim "was undertaken for the sole benefit and interest of State Farm and against the interests" of the plaintiffs. (Id. at ¶ 13). Plaintiffs claim that this assignment puts PP&L, the entity they sued in county court, in a superior position to them. (Id. at ¶ 17). They assert that the assignment of the subrogation claim from State Farm to PP&L was done in bad faith and is void as a matter of law. (Id. at ¶ 14, 19).

Plaintiffs filed the instant complaint asserting a bad faith cause of action against the defendants. They aver that they have been damaged in the amount of $456,281.90, the total amount of the subrogation claim. (Id. at ¶ 22). They seek compensatory damages, punitive damages and statutory damages pursuant to 42 PENN. CON. STAT. ANN. § 8357. (Id. at ¶ 24).

Plaintiffs filed the complaint in the Luzerne County Pennsylvania Court of Common Pleas. The defendants removed the case to this court and filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), bringing the case to its present posture.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiffs are citizens of Pennsylvania. (Doc. 4-2, Complaint ¶¶ 1-2) and the defendants are citizens of Illinois. (Doc. 1, Notice of Removal, ¶ 13). Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

When a 12(b)(6) motion is filed, the sufficiency of allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35 (citation omitted).

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to

the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997).  However, the court does not have to accept conclusions of law or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse, 132 F.3d at 906).

**Discussion**

Defendants argue that the complaint should be dismissed because it does not set forth a proper claim for insurance bad faith.[1]  Pennsylvania law provides:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess the court costs and attorney fees against the insurer.

42. PENN. CONS. STAT. ANN. § 8371.

The statute does not define the term "bad faith".  The definition of "bad faith" has thus developed in the case law.  The Third Circuit Court of Appeals has held that to state a cause of action for "bad faith"[t]he insured must ultimately show that 'the insurer breached its duty of good faith [to the

---

[1]Defendants also argue that the complaint should be dismissed to the extent that it asserts a breach of contract cause of action.  In their brief, the plaintiffs clarify that they do not seek to pursue a breach of contract claim.  (Doc. 9, Plaintiffs' Brief in Opposition to the Motion To Dismiss at 8).  As plaintiffs do not pursue a breach of contract cause of action, this portion of the defendants' motion will be denied as moot.

4

insured] through some motive of self-interest or ill will.'" Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (quoting Brown v. Progressive Ins. Co., 860 A.2d 493, 501 (Pa. Super. Ct. 2004)).

Defendants argue in the instant case that, even if all the allegations of plaintiffs' complaint are true, bad faith cannot be established. They did nothing to breach their duty of good faith to the insured. In fact, they paid out the limits of coverage benefits to the plaintiffs. Plaintiff's assertion of bad faith centers on the defendants' assignment of its subrogation rights to PP&L.

"Subrogation" is the "substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities." Greater New York Mut. Ins. Co. v. North River Ins. Co., 85 F.3d 1088, 1094, n.6 (3d Cir. 1996) (quoting BLACK'S LAW DICTIONARY 1427 (6th ed.1990)). In this case, the defendants had a right to subrogation to the $456,281.90 it paid in benefits to plaintiffs. The party responsible for plaintiffs' harm would in effect reimburse the defendants up to the amount that the defendants paid the plaintiffs in benefits.

Plaintiffs assert that the defendants breached their duty of good faith by acting on a motive of self-interest when they assigned their subrogation rights to PP&L during the pendency of the plaintiffs' case against PP&L in state court. While it can be presumed that PP&L did assign the subrogation rights acting upon a motive of self interest, it is does not appear that this assignment breached defendants duty of good faith to the plaintiffs.

5

According to the plaintiff the insured must be fully compensated or made whole for injuries before the right of subrogation on the part of the insured arises. In support of this position, the plaintiff relies primarily on Watson v. Allstate Ins. Co., 28 F. Supp. 2d 942, 945 (M.D. Pa. 1998). Plaintiff has provided an accurate statement of the law. See id.; Gallop v. Rose, 616 A.2d 1027, 1031 (Pa. Super. Ct. 1992) (explaining that an insurer has no right to subrogation until the insured's total recovery is ascertained and recouped). This legal principle, however, is inapplicable in the instant case. Defendants are not attempting to enforce subrogation rights against the plaintiffs, they have rather assigned those rights to another entity. Plaintiffs have cited no case law, and our research has uncovered none, that indicates that such an assignment can be interpreted as bad faith or that a defendant must wait until a plaintiff has been made whole to assign subrogation rights to a third party.

Plaintiffs' complaint asserts that the assignment of the subrogation rights to PP&L placed PP&L in a superior position to them in the underlying state court action. We are unconvinced. The plaintiffs remain entitled to the same amount of damages that they would have been if the subrogation assignment not occurred. In fact, the General Release between defendants and PP&L provides as follows: "this release shall not be deemed to release any claims set forth by the Alfano and Przybylksi families for damages." (Doc. 1-3, Ex. A to Plaintiffs' Complaint, General Release at 2).[2]

---

[2]Plaintiffs assert that the assignment of the subrogation rights created an advantage to the PP&L in the underlying suit in that it provided that company leverage because it knows it will have to pay nothing to the

**Conclusion**

For the reasons set forth above, we find that plaintiffs have failed to set forth a bad faith cause of action and their complaint will be dismissed. An appropriate order follows.[3]

---

plaintiff up to $456,281.90. We fail to see this is necessarily an advantage to PP&L. In fact, PP&L may in fact be more willing to settle the case in state court. It knows that it will not have to pay the first $456,281.90, therefore, it can settle for an amount greater than that. Accordingly, we do not agree with plaintiff's "leverage" argument.

[3]Before, dismissing this case based upon a Rule 12(b)(6) motion, we would normally grant the plaintiff leave to file an amended complaint. Such leave is not required, however, where a curative amendment would be inequitable or futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Here, such an amendment would be futile. Defendants' assignment of the subrogation rights simply does not amount to bad faith.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUISE ALFANO and SANDRA PRZYBYLSKI, | : | No. 3:09cv77 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM INSURANCE COMPANIES, | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit, this 17th day of September 2009, the defendants' motion to dismiss (Doc. 4) is hereby **GRANTED** and the plaintiffs' complaint is **DISMISSED**. The Clerk of Court is directed to close this case.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**